## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20070-CIV-JORDAN/TORRES

RIGONI USA, INC., and FIORDIFRUTTA, L.L.C.,

      Plaintiffs/Counter-Defendants,

vs.

RIGONI DI ASIAGO USA, L.L.C., RIGONI DI ASIAGO, SPA, ANDREA RIGONI, and ALBERTO CARLI,

      Defendants/Counter Plaintiffs
_____/

RIGONI DI ASIAGO SPA, ANDREA RIGONI,

      Defendants/Third Party Plaintiffs,

vs.

CLAUDIO MUCCI,

      Third Party Defendant.
_____/

## **DISCOVERY ORDER**

THIS MATTER came before the Court for hearing on November 9, 2007, on Defendants/Third Party Plaintiff's production requests and interrogatories served upon Plaintiffs/Counter-defendants and Third Party Defendant. The Court heard argument on various issues raised by the parties in connection with these discovery requests and made oral rulings that granted in part and denied in part certain of the pending requests to compel better responses. The record of the proceedings adequately sets forth the bases for the Court's rulings. For purposes of the record, the Court memorializes certain of

those rulings herein to make it clear to the parties what additional responses and/or supplementation is required.

    1.    The Court found that the language utilized in the discovery responses was ambiguous with regard to whether all responsive documents were in fact produced. Based upon counsel's certification in open court, and the additional representation included in the supplemental responses served November 1, 2007, the Court deems that all responsive documents that may exist or have been located have been produced, and most importantly that no responsive documents have been withheld on the grounds of any privilege or objection. The Court further Orders all parties to, in the future, make it clear in their discovery responses whether or not any responsive documents have been withheld, the specific reasons why those documents were withheld, and additionally whether any documents have in fact been produced with respect to that request or, otherwise, whether no known documents exist or are in the possession, custody, or control of the responding party. That representation must be made in writing in the body of the responses, which will alleviate any possibility of confusion.

    2.    Based upon that finding and counsel's representation, the Court deems there to be no factual basis on this record to compel additional responses or production at this point in time from Plaintiffs/Counter-Defendants or Third Party Defendant. This finding, however, is without prejudice to any future issues being raised that the current responses and supplemental responses to the discovery requests at issue here intentionally or negligently failed to provide responsive documents. If during the course of subsequent discovery it is clear that additional responsive documents should have been produced but were instead withheld, or otherwise that responsive documents should have been found through proper inquiry, then the Court will address at a later date what

sanctions are necessary to cure any prejudice as required by Fed. R. Civ. P. 37.  On this record, however, there is no basis for the Court to make any such finding.

3. The Court grants the request to compel better answers to the following interrogatories that requested specific information regarding customers that were allegedly interfered with (as alleged in paras. 42-47 of the Amended Complaint).  The current responses are incomplete.  If there are no known customers that Plaintiffs/Counter-Defendants/Third Party Defendant can identify, then that should be made clear in a second supplemental response.  And, if there are such customers known who should be identified, the interrogatory requires specific information, such as the alleged damage incurred for that customer.  To the extent the answer to any of the specific information requested is that there is no known information, that should also be stated clearly in the supplemental response.  This Order applies to:

    a. Interrogatory No. 15 (from Rigoni USA)

    b. Interrogatory No. 14 (from Fiordifrutta LLC and Claudio Mucci)

4. The Court grants the request to compel better answer to Interrogatory No. 3 served on Fiordifrutta LLC.  The current response, as supplemented, remains incomplete.  The requested information should be provided for each manufacturer providing product to Fiordifrutta from 2005 to the present.  If documents are being referenced in whole or in part for the supplemental response, the documents must be identified by Bates Number in the body of the response.

5. The Court grants the request to compel better answer to Interrogatory No. 12 served on Fiordifrutta LLC.  The current response, as supplemented, remains incomplete.  The request required a statement as to what, if any, consideration was exchanged for the assignment in question, whether or not the assignment was recorded in any way, and whether or not the existence of any assignment was reported to any of

Plaintiff's corporate officers and/or shareholders. That information must be provided in a supplemental response. Again, if the answer was "none," then that answer must be clearly stated for each type of information requested.

6.      The Court also granted the request to compel jurat pages for all interrogatory responses and supplemental responses served in connection with the First Set of Interrogatories. Any future responses to interrogatories by any party must include the verified jurat pages as required by Fed. R. Civ. P. 33(b)(1).

7.      The Court denied requests to compel additional interrogatories that were either ambiguously worded or that other methods of discovery were better suited to obtain the information requested (as per Fed. R. Civ. P. 26(c)(3)). Those rulings are without prejudice to additional discovery requests that are made within the limitations of the Rules, or otherwise to deposition questions being asked of persons with knowledge.

8.      With respect to the objection that the hearing should not have made necessary had appropriate meet and confer requirements been complied with, the Court finds the objection well taken, but not entirely so. To avoid any future misunderstandings and unnecessary hearings, the parties are Ordered to respond within a reasonable time frame in writing to another party's written requests for additional information or clarification of objections. Had that occurred in this case, possibly the issues raised at the hearing may have resolved themselves. As it is, however, the Court granted certain requests to compel even in addition to the information that was provided in supplemental responses. Thus, the hearing was not entirely unnecessary. That being said, the parties **shall** strictly comply with the Court's rules in any further discovery matters that require full and complete conferral prior to any matters being set for the discovery calendar. The Court also must strictly comply with S.D. Fla. Local R. 26.1.H that requires, at the same time, that the parties timely raise any discovery issues with the

Court within thirty days of their occurrence. The Court trusts that, following this experience and the parties' future strict compliance with their discovery obligations, no further unnecessary hearings will be required.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

Plaintiffs/Counter-defendants/Third Party Defendant shall comply with this Order within ten straight days of the date of this Order, absent subsequent agreement with Defendants/Counter-plaintiffs.

**DONE AND ORDERED** in Chambers in Miami-Dade, Florida this 9th day of November, 2007.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE